UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               Case No.: 8:17-cr-489-VMC-JSS

JUAN EMILIANO NEVAREZ SANTANA

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Juan Emiliano Nevarez Santana's pro se Motion to Request Sentence Reduction (Doc. # 125), filed on September 9, 2021. The United States of America responded on September 30, 2021. (Doc. # 129). For the reasons set forth below, the Motion is denied without prejudice.

**I.   Background**

In May 2018, this Court sentenced Nevarez Santana to 135 months' imprisonment after he pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 91). Nevarez Santana is 44 years old and his projected release date from McRae Correctional Institute is April 24, 2027.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

While the Motion does not enunciate the legal grounds for Nevarez Santana's request, it appears that Nevarez Santana seeks (1) compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, because of the burden his prison sentence places on his family, and (2) a sentence reduction under Federal Rule of Criminal Procedure 35. (Doc. # 125). The United States has responded (Doc. # 129), and the Motion is now ripe for review.

## II. Discussion

### A. Motion for Compassionate Release

Nevarez Santana requests a sentence reduction "due to the hardship that his family is experiencing, his family is having a very difficult moment[] due to COVID-19," and he notes that this was his first offense. (Doc. # 125 at 1-2).

The United States argues that the Motion should be denied because Nevarez Santana has not exhausted his administrative remedies, as required by the statute, and because he has not provided extraordinary and compelling reasons for release. (Doc. # 129 at 1, 4-6). Because the Court agrees that Nevarez Santana has not demonstrated that he has exhausted his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). The Court construes Nevarez Santana's Motion as arguing that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Nevarez Santana's Motion does not indicate that he has ever petitioned the warden at McRae to file a compassionate release motion on his behalf, and the documents

3

submitted by the government indicate that he has not done so. (Doc. ## 129-2, 129-3). Under these circumstances, Nevarez Santana has not met his burden of demonstrating that he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted."); United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

For this reason, therefore, Nevarez Santana's Motion, in so far as he seeks compassionate release under Section 3582(c)(1)(A), must be denied without prejudice. See, e.g., United States v. Kranz, No. 2:18-cr-14016, 2020 WL 2559551, at *3 (S.D. Fla. May 20, 2020) (denying a Section 3582(c)(1)(A) motion for failure to exhaust administrative remedied without prejudice, writing that "[t]he BOP should be given the first opportunity to respond to [defendant's] request for a sentence reduction").

4

### B. Rule 35 Motion

Nevarez Santana states in the Motion that, after he was sentenced, he spoke to federal agents and gave them information about other maritime drug smuggling operations. (Doc. # 125 at 2). He believed this information would earn him a sentence reduction. (Id.).

The United States responds that Nevarez Santana's cooperation and proffered information has yet to substantially assist law enforcement and, as such, he does not merit a Rule 35 motion at this time. (Doc. # 129 at 8-9).

As the government points out, it has the sole discretion as to whether and when to file a Rule 35 motion on behalf of a defendant. As the government does not believe a Rule 35 motion is warranted, the Court has no authority to compel the government to file such a motion. See United States v. Rothstein, 939 F.3d 1286, 1291-92 (11th Cir. 2019) (explaining the general rule that the government has a "power, not a duty, to file a motion when a defendant has substantially assisted" and, accordingly, courts are typically unwilling to intrude on the prosecutorial discretion provided to the government in making substantial-assistance motions (citation omitted)).

5

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Juan Emiliano Nevarez Santana's pro se Motion to Request Sentence Reduction (Doc. # 125) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of October, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE